IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TENNESSEE GAS PIPELINE COMPANY, L.L.C. | )<br>)<br>) |
|     Plaintiff, | )<br>) |
| v. | )   Case No. _____<br>) |
| 17.697 ACRES IN DICKSON COUNTY, TENNESSEE; JAMES W. GRANBERY; and JAMES TREANOR GRANBERY, III, | )<br>)<br>)<br>)<br>) |
|     Defendants. | )<br>) |

## COMPLAINT

Tennessee Gas Pipeline Company, L.L.C. (hereinafter "TGP") files this Complaint for an order of condemnation for the right-of-way and easement described in Exhibit A and Exhibit B attached hereto and incorporated herein by reference, and states as follows:

### Jurisdictional and Venue Allegations

1. The authority for this taking is the Natural Gas Act, U.S.C. Title 15, §717f(h), which grants federal jurisdiction.

2. On January 18, 2024, the Federal Energy Regulatory Commission ("FERC") issued a Certificate of Public Convenience and Necessity ("Certificate") to TGP authorizing it to construct and operate approximately 32 miles of 30-inch diameter pipeline and associated facilities originating from its existing pipelines in Dickson County, Tennessee and terminating at a new power plant in Stewart County, Tennessee. The new pipeline and any associated facilities are collectively referred to as the "Cumberland Project." A copy of the Certificate is attached hereto as Exhibit C and is incorporated herein by reference.

3. Upon information and belief, the amount claimed by the owners of the property to be condemned exceeds $3,000.

4. The tract of land described in Exhibit A and Exhibit B is located in Dickson County, Tennessee and venue is appropriate in this Court.

5. TGP has made efforts to obtain the property rights by agreement with the known owners of the tract of land described in Exhibit A and Exhibit B concerning the acquisition and the damages and compensation to be allowed and paid for said right-of-way and easement and has failed to come to an agreement with Defendants.

6. TGP has taken all steps and proceedings required by law necessary to initiate these proceedings as required by 15 U.S.C. §717f(h) and Fed. R. Civ. P. 71.1, and that jurisdiction is therefore proper under 15 U.S.C. §717f(h).

## General Factual Allegations

7. TGP is in the business of transporting natural gas in interstate commerce. TGP seeks this order of condemnation for the purpose of constructing and operating a natural gas pipeline for use in the interstate transportation of natural gas.

8. The Certificate authorizes the Cumberland Project to be completed and available for service by September 1, 2025.

9. Construction of the Cumberland Project is scheduled to begin October 15, 2024.

10. To complete construction of the Cumberland Project in accordance with the Certificate and along the approved alignment, TGP must acquire permanent and temporary easements in the lands described in Exhibit A and Exhibit B, being situated, located, and lying in Dickson County, Tennessee.

11. The interest to be acquired in the lands described in Exhibit A and Exhibit B and the use therefore is a perpetual easement and right-of-way for the purposes, presently and at any

such time in the future as TGP may elect and the FERC may authorize, of constructing and operating, including maintaining, inspecting, repairing, relocating, removing and/or replacing the certificated pipeline in a manner consistent with the FERC's regulations, a pipeline for the transportation of natural gas, and all appliances, appurtenances, fixtures, equipment, and facilities, whether above or below ground, deemed by TGP to be necessary or desirable in connection with such line.  TGP further seeks the right of limited, reasonable ingress and egress over and across said lands described in Exhibit B and the use thereof reasonably necessary for the construction, maintenance, operation, repair, relocation, and replacement of the pipeline on said right-of-way; together with the right, from time to time, to cut and keep said right-of-way clear of all trees, undergrowth, and other natural or manmade obstruction that may injure or endanger TGP's pipeline, appliances, appurtenances, fixtures, and equipment, or interfere with TGP's access to, monitoring of, or maintenance, repair, relocation, construction and/or operation of the same. Defendants shall not construct, nor permit to be constructed, any houses, buildings, lakes, ponds, structures or any obstructions on or over said right-of-way, or any part thereof, as surveyed or finally determined without the consent of TGP.  Additionally, Defendants shall not alter or change the grade of the property identified in Exhibits A and B without the consent of TGP.  TGP further seeks the full right and authority to lease, sell, assign, transfer and/or convey to others the right-of-way, estate, interest, rights, and privileges hereby granted, in whole or in part, or in the interest herein, or to encumber the same.  TGP further seeks to acquire the right of use as temporary workspace during the construction of its pipeline, a space parallel and contiguous to the permanent easement and right-of-way.  Twenty-four months after the pipeline is placed in-service, the temporary workspace will revert to Defendants.  Said temporary workspace is identified in Exhibit B and may include temporary access roads as identified in said exhibit.

12. TGP states that a diligent search has been made of the public records in the Register

of Deed's Office for Dickson County, Tennessee, and diligent inquiry made to ascertain the parties owning the lands or the parties who claim any interest in the lands. According to the best of TGP's information, knowledge, and belief, the persons who own or claim an interest in the lands are listed along with their addresses in Exhibit D which is incorporated herein by reference.

13. TGP has used reasonable diligence to ascertain the names of any unknown persons who are the owners of, or the owners of an interest in, the property described in Exhibit A and Exhibit B, but have been unable to do so.

14. The easement and right-of-way, as set forth and described in Exhibit B, when condemned, will be subject to the terms and conditions, and devoted to the purposes as stated.

15. Plaintiff has made efforts to obtain property rights by agreement with the known owners of the tract of land who are identified in Exhibit D. Plaintiff has been unable to acquire the necessary property rights from Defendants.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Court will do the following:

1. Enter an order bifurcating the issues of (a) the determination of Plaintiff's right to condemnation and (b) just compensation for the taking;

2. Schedule a prompt date, not later than 30 days from the date of the filing of this Complaint, for hearing on TGP's motion, filed with this Complaint, for partial summary judgment and preliminary injunction authorizing immediate possession, and a schedule for the filing of briefs on that issue prior to the scheduled hearing date;

3. Following hearing, if permitted, or if not permitted immediately order and decree that TGP is entitled to acquire the right-of-way and easement for the purposes set out herein, and grant to TGP a preliminary injunction authorizing immediate possession to begin pre-construction activities and construction of the pipeline;

4. Thereafter, pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, appoint a commission of three (3) persons to ascertain and report to the Court the damages occasioned by the taking and the just compensation due the Defendants for such taking, or alternatively, schedule a jury trial for the determination of those issues;

5. Upon payment into the Court of just compensation, render a judgment or decree condemning the right-of-way and easement for such public purposes in, over, upon, across, and under said lands set out in Exhibit A and Exhibit B; and

6. Make such other and further orders and decrees as may be necessary or proper.

Respectfully submitted,

*s/ Emily M. Ruzic*
Emily M. Ruzic
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
eruzic@bradley.com

Lela M. Hollabaugh
Bradley Arant Boult Cummings LLP
One 22 One
1221 Broadway, Suite 2400
Nashville, TN 37203
Telephone: (615) 244-2582
lhollabaugh@bradley.com

*Attorneys for Tennessee Gas Pipeline Company, L.L.C.*