# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| IN RE TENNESSEE GAS PIPELINE COMPANY LITIGATION | Case No. 3:24-cv-00469 <br> Case No. 3:24-cv-00476 <br> Case No. 3:24-cv-00478 <br> Case No. 3:24-cv-00479 <br> Case No. 3:24-cv-00483 |

## MEMORANDUM OPINION AND ORDER

Plaintiff's Motion for Partial Summary Judgment (Doc. No. 105) and Plaintiff's Motion for Injunctive Relief Authorizing Immediate Possession (Doc. No. 110) are ripe for decision without any opposition. Both motions are **GRANTED**.

To provide context and background, this is an eminent domain action under § 717f(h) of the Natural Gas Act (the "NGA"), 15 U.S.C. § 717f (2012), and Rule 71.1 of the Federal Rules of Civil Procedure. Tennessee Gas Pipeline Company, L.L.C. ("TGP") is an interstate natural gas transmission company that has received a Certificate of Public Convenience and Necessity from the Federal Energy Regulatory Commission ("FERC") authorizing the construction of approximately 32 miles of a 30-inch diameter interstate natural gas pipeline and related facilities in Tennessee known as the Cumberland Project. ("Certificate"). The heirs of Ms. Callie Vanleer ("Landowners") claim an interest in a parcel of land located in Dickson County, Tennessee that is approximately 100 acres in size (the "Subject Property"). TGP filed this action to condemn a temporary and permanent easement in the Subject Property.

The Landowners can be divided into three groups: (1) those what have agreed that TGP may condemn the easements and have granted TGP possession of these easements; (2) those that

1

appeared in this matter but have not objected to TGP's right to condemn; and (3) those who have been served but not appeared in this matter. The pending Motions relate to the latter two groups of Landowners. One Landowner, Donald L. Mixon, sent a letter to the Court in response to Plaintiff's Motion for Partial Summary Judgement (Doc. No. 108). No other Landowners have filed any response to Plaintiff's pending Motions. Mr. Mixon's letter did not dispute any material fact raised in TGP's Statement of Undisputed Material Facts, which the Court finds are undisputed.

Plaintiff's Motion for Partial Summary Judgment seeks judicial confirmation of TGP's substantive right to condemn the property rights that are the subject matter of this lawsuit pursuant to §717f(h) of the Natural Gas Act ("NGA"). Nexus Gas Transmission, LLC v. City of Green, 757 F. App'x 489, 492 n.2 (6th Cir. 2018) (citing E. Tenn. Natural Gas Co. v. Sage, 361 F.3d 808, 831 (4th Cir. 2004)).

The NGA permits a holder of a certificate of public convenience and necessity to condemn the necessary property interests if it is unable to reach an agreement with the landowner:

> When any holder of a [Certificate] cannot acquire by contract, or is unable to agree with the owner of the property to the compensation to be paid for the necessary right-of-way to construct, operate, and maintain a pipe line or pipe lines for the transportation of natural gas, and the necessary land or other property, in addition to right-of-way, . . . it may acquire the same by the exercise of the right of eminent domain in the district court of the United States for the district in which such property may be located, or in the State courts.

15 USC § 717f(h); see also Sage, 361 F.3d at 818. Thus, to condemn property TGP must show (1) that it holds a certificate of public convenience and necessity; (2) that the land to be taken is necessary to the project; and (3) that it and the landowner were unable to agree on a price for the taking. 15 U.S.C. § 717f; see Nexus Gas, 757 F. App'x at 493. TGP satisfies each requirement.

First, it is undisputed that TGP holds a certificate of public convenience and necessity from FERC. Compl., Ex. C. (Doc. Nos. 1 and 1-3).

Second, it is undisputed that the property interests are necessary to the project. It is well settled that "by issuing the Certificate of Public Convenience and Necessity under the Natural Gas Act, FERC has already determined that Defendants' property interests are necessary." Gas Transmission Nw., LLC v. 15.83 Acres of Permanent Easement More or Less, located in Morrow Cnty., 126 F. Supp. 3d 1192, 1197 (D. Or. 2015) (quoting Williston Basin Interstate Pipeline Co. v. Prop. Ints. Necessary to Conduct Gas Storage Operations in Subterranean Geological Formations on & Beneath Props. Located in Twp. 9 S., Range 23 E., Section 34, 35 & 36, No. CV–09–167–BLG–RFC, 2010 WL 5104991, at *2 (D. Mont. Dec. 9, 2010)). This Court need not inquire into the necessity of acquiring this tract as it is in the path expressly determined necessary by FERC. (Doc. No. 111-1 at 19–20, Bowers Dec., Ex. A and B.).

Third, there is also no dispute that TGP has been unable to acquire the necessary property interests from these landowners. Had TGP been able to do so, it certainly would not have filed this condemnation action. This fact is also supported by the undisputed declaration of David Bowers. (Doc. No. 111-1). The Bowers' declaration establishes TGP's good faith negotiations, regardless of whether there is such a requirement in the statute. Sabal Trail Transmission, LLC v. 7.72 Acres in Lee Cnty., Ala., No. 3:16-CV-173-WKW, 2016 WL 8900100, at *8 (M.D. Ala. June 3, 2016), *report and recommendation adopted*, No. 3:16-CV-173-WKW, 2016 WL 3450827 (M.D. Ala. June 20, 2016); E. Tenn. Nat. Gas, LLC v. 3.62 Acres in Tazewell Cnty. Va., No. CIVA. 1:06-CV00028-29, 2006 WL 1453937, at *10 (W.D. Va. May 18, 2006) ("[N]othing in the Act or Federal Rule of Civil Procedure 71[.1] requires the condemnor to negotiate in good faith. All the Act requires is a showing that the plaintiff has been unable to acquire the property by contract or has been unable to agree with the owner of the property as to the compensation to be paid."); E. Tenn. Nat. Gas, LLC v. 1.28 Acres in Smyth Cnty. Va., Nos. Civ.A. 06-CV-00022, 00028–29,

3

00036–37, 00044, 2006 WL 1133874, *10 (W.D. Va. Apr. 26, 2006) (same); Kan. Pipeline Co. v. 200 Foot by 250 Foot Piece of Land, Located in Section 6, Sw. Quarter, Twp. 32 S., Range 10 W., Cnty. of Barber, State of Kan., 210 F. Supp. 2d 1253, 1257 (D. Kan. 2002) (holding that good faith negotiations are not required for condemnation).

TGP has complied with all the conditions of the delegation of the power to condemn mandated by the United States, and it can lawfully exercise the power of eminent domain over the property at issue in this case.

Having determined that TGP has a right to condemn the property interests at issue, the Court now turns to TGP's Motion for Preliminary Injunction. TGP is entitled to equitable relief in the form of a preliminary injunction authorizing immediate possession. "A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). Numerous federal courts have recognized that a federal district court has the equitable authority to grant immediate entry and possession to a natural gas company in a condemnation action brought under the NGA. See, e.g., Nexus Gas, 757 F. App'x at 492.

To prevail, TGP must establish that a preliminary injunction is appropriate by demonstrating (1) a strong likelihood that it ultimately will prevail on the merits of its claims; (2) it will suffer irreparable injury absent the injunction; (3) the injunction would not cause substantial harm to others; and (4) the public interest will not be harmed if the injunction should issue. Nexus Gas, 757 F. App'x at 492. TGP satisfies each.

First, as discussed above, there is no dispute that TGP has the right to condemn the necessary property interests on this land. Thus, there exists a "strong likelihood" of success on the merits for TGP. See Mountain Valley Pipeline, LLC v. W. Pocahontas Prop. Ltd. P'ship, 918 F.3d

353, 366 (4th Cir. 2019) ("Because [the pipeline company] had already proved that it had a right to condemn the property at issue, success on the merits was not only probable but guaranteed.").

Second, TGP will suffer irreparable harm as a result of the additional delay and expense that would flow from its inability to meet its construction schedule and contractual supply requirements to TVA. See Nexus Gas, 757 F. App'x at 494–95 (holding that unrecoverable costs arising from delays in construction satisfy the "irreparable harm" prong of the preliminary injunction standard); Transcon. Gas Pipe Line Co., LLC v. 6.04 Acres, More or Less, Over Parcel(s) of Land of Approximately 1.21 Acres, More or Less, Situated in Land Lot 1049, 910 F.3d 1130, 1164–65 (11th Cir. 2018) ("The district court did not clearly err in concluding that Transcontinental would suffer irreparable harm if it were not permitted to access the properties on the dates that it needed such access, even if those dates were not imminent."); Columbia Gas Transmission, LLC v. 1.01 Acres, 768 F.3d 300, 315 (3d Cir. 2014) (finding irreparable harm when a delay in the project would cause the gas company to miss an in-service deadline). The undisputed declaration of Kevin Mosley supports the irreparable harm that will result without issuance of this injunction. (Doc. No. 111-2).

Third, allowing TGP immediate possession of the property interests in the Subject Property does not cause any significant injury, if any injury at all, to the Outstanding Landowners. TGP is not asking for any relief from this Court that it will not ultimately receive at the conclusion of just compensation hearings. The Fifth Amendment guarantees that the Landowners will be justly compensated. U.S. Const. Amend. V. In particular, the Outstanding Landowners will receive just compensation for their property interests regardless of when TGP takes possession, and the dollar value of that just compensation will be the same if immediate possession is granted to TGP or if it is not. Further, there is no risk that the Outstanding Landowners would not later be paid, as

pursuant to Rule 71.1 of the Federal Rules of Civil Procedure, this Court will require TGP to provide such security, as set forth below, to adequately protect the Defendants' property interest.

Finally, an injunction is in the public's best interest. In issuing the Certificate, FERC has determined that the Cumberland Project is in the public interest, and that determination is not subject to challenge in this forum. The eminent domain authority granted to the district courts under 15 U.S.C. §717f(h) does not provide a challenger with an additional forum to attack the substance and validity of a FERC order. The district court's function is to provide for enforcement, not engage in appellate review. <u>Williams Natural Gas Co. v. Oklahoma City</u>, 890 F.2d 255, 264 (10th Cir. 1989). Further, the district court's jurisdiction is limited to ordering condemnation of property in accordance with a facially valid Certificate. <u>Tennessee Gas Pipeline Co. v. 104 Acres of Land More or Less, in Providence Cnty. of State of R.I.</u>, 749 F. Supp. 427, 430 (D.R.I. 1990).

Plaintiff's Motions for Partial Summary Judgment and for an Injunction Authorizing Immediate Possession are **GRANTED**. TGP shall post a bond in the amount of $11,600.00, which is twice the appraised value of the property interests TGP seeks to acquire.

IT IS SO ORDERED.

_____
Waverly D. Crenshaw, Jr.
United States District Judge